**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL C. BUTTS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-1963 |
| | * | |
| | * | |
| MICHAEL B. DONLEY, Secretary | * | |
| DEPARTMENT OF THE AIR FORCE, | * | |
| | * | |
| Defendants. | * | |

*****************************************************************************

**<u>MEMORANDUM OPINION</u>**

Plaintiff Michael C. Butts brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, against Defendant Michael B. Donley, Acting Secretary of the Air Force. (Compl. ¶ 1.) Presently pending is Defendant's Motion to dismiss, or in the alternative, for Summary Judgment. (Paper No. 11.) The Court has reviewed the entire record, as well as the pleadings and exhibits. The issues have been fully briefed by the parties, and this matter is now ripe for review. No hearing deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment.

**I.      Background**

   **A.  Factual and Procedural Background**

The following facts are presented in the light most favorable to the non-moving party. Plaintiff, an African-American male, born on November 14, 1954, is currently employed as a federal civilian employee with the Department of the Air Force as an Electrical Engineering

1

Technician, GS-11 and has held this particular position since November 2002. (Paper 11 at 3.) Plaintiff claims that he was subjected to age and race discrimination when he was not selected for the Andrews Air Force Base position of General Maintenance and Operations Supervisor. (Compl. ¶ 1.) Plaintiff claims that Andrews Air Force base has a history of favoring white employees over African-American employees when promoting employees to supervisory positions. (Compl. ¶ 8.) Plaintiff began his initial assignment at Andrews Air Force Base on May 3, 1986, in an active duty military position as an Electrician equivalent to WS-10. On June 1, 1993, Plaintiff became an Engineering Technician (equivalent to GS-06) while still on active duty. Plaintiff retired from active duty in the Air Force in June 1994. (Paper 11 at 3.) On July 25, 1994, Plaintiff began working as a federal civilian employee with the Air Force as a High Voltage Electrician (equivalent to WG-10) at the Goddard Space Flight Center in Greenbelt, Maryland. (Paper 11 at 3.) On September 3, 1994, Plaintiff returned to Andrews Air Force Base as a Construction Inspector. (Paper 11 at 3.) Plaintiff has held his present position of Electrical Engineering Technician since November 17, 2002. (Paper 11 at 3.)

The General Maintenance and Operations Supervisor position at Andrews Air Force Base was advertised in a Vacancy Announcement posted on or around July 31, 2006. (Paper 11 at 3.) The position was vacant from July 31, 2006 through August 4, 2006 and was open to internal current permanent Air Force employees who were eligible for promotion and reassignment. (Paper 11 at 4.) During this time period, Mr. Butts applied for the position and provided a copy of his resume to Mr. Hemming. (Compl. ¶ 19.)

The two individuals that conducted the interview process included Major Michael Miller, Operations Flight Chief and Major Miller's Deputy Flight Chief, Robert Hemming. Major Miller was responsible for selecting the candidate for the position and Deputy Chief Hemming was

involved in the interview process and the initial screening, but did not take part in final determinations of hiring the candidate for the position. (Paper 11 at 4.)

Plaintiff was fifty-one years old when he applied for the position. (Compl. ¶ 9.) Plaintiff was one of thirty-one applicants for the position and was included in the rank of the top six qualified candidates. (Paper 11 at 4.) In total, five candidates were interviewed for the position and Plaintiff ranked number three on the top list of qualified candidates. (Paper 11 at 5.) Nine interview questions were created to ask each candidate. (Paper 11 at 5.) Major Miller developed a formula to score the candidates that took into account the candidates resume, interview, and personal knowledge. (Paper 11 at 5.) On a scale of one through five, Plaintiff ranked third out of five on the resume factor, third out of five on the interview, and fourth out of five on the personal knowledge factor. (Paper 11 at 5.) Plaintiff was not selected. (Compl. ¶ 21.) Mr. Wallmow, who was a white thirty-nine year old male at the time of promotion, was temporarily placed in the WS-14 supervisory electrical and technical position in Infrastructure Support Utilities for few months before he was officially selected to the WS-14 position of General Maintenance and Operations Supervisor which became effective on October 1, 2006. Plaintiff claims that he found out about the promotion on November 27, 2006. (Compl. ¶ 7.)

**II.        Standard of Review**

Defendant's motion is styled as a Motion to Dismiss or in the alternative a Motion for Summary Judgment. Federal Rule of Civil Procedure 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." The Court will consider these exhibits and therefore, shall treat the motion as one for summary judgment.

**A. Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). A genuine dispute exists if a reasonable factfinder could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247-48. Only disputes over facts that might affect the outcome of the case under governing law will preclude summary judgment. *Id.* at 252; *Thompson Everett, Inc. v. National Cable Advertising*, 57 F.3d 1317, 1323 (4th Cir. 1995).

The Court must view the facts in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255. Further, "[a] party who bears the burden of proof on a particular claim must factually support each element of his claim." *Jones v. Fischer Law Group, PLLC*, 334 F. Supp. 2d 847, 850 (D. Md. 2004). Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 247-48.

**III.   Analysis**

The Defendant advances two arguments in support of his motion. First, he argues that the Plaintiff failed to exhaust administration remedies by neglecting to initiate contact with the Equal Employment Opportunity office within 45 days of the effective date of the personnel action at issue, and therefore his Motion to Dismiss, or in the alternative, for Summary Judgment should be granted for failure to exhaust. Second, he argues that there is no evidence that Plaintiff was not selected for the General Maintenance and Operations Supervisor position based on his age or race.

**A.  Claim Against Plaintiff for Failure to Exhaust Administrative Remedies**

Pursuant to Title VII and its accompanying regulations, federal employees are required to exhaust their administrative remedies before bringing an employment discrimination complaint to federal court. *See* 42 U.S.C. §§ 2000e-16 (c); *Brown v. General Serve. Admin.*, 425 U.S. 820, 832 (1976); *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 968-69 (4th Cir. 1985). Employees are required to contact an equal employment opportunity counselor to initiate an informal complaint within 45 days of the alleged act(s) of discrimination. *See* 29 C.F.R. § 1614.105(a)(1). The agency issues the employee, who filed the complaint, a Notice of Right to File a formal complaint after the informal phase concludes. *Id.* A formal complaint must be filed by the employee within 15 days of receiving the Notice of Right to File. *See* 29 C.F.R. §§ 1614.106 (a) & (b). The employee has to file a complaint in federal court after 180 days have passed from the filing of the formal EEO complaint. *See* 42 U.S.C. 2000e-16 (c).

Defendant alleges that Plaintiff failed to exhaust his administrative remedies, since he did not initiate EEO contact within 45 days of his non-selection for the General Maintenance and Operations Supervisor position. Defendant asserts that the selectee, Mr. Ryan Wallmow, was promoted to the position of General Maintenance and Operations Supervisor effective October 1, 2006 and that Plaintiff did not initiate EEO contact until January 11, 2007 – 111 days after the effective date of October 1, 2006. Defendant asserts that because Plaintiff neglected to make contact with an EEO counselor within 45 days of the effective date of his non-selection, his Complaint should be dismissed for failure to exhaust administrative remedies.

In response, Plaintiff asserts that he found out about his non-promotion and the identity of the selectee on November 27, 2006 and initiated EEO contact on or about December 6, 2006 which differs from the January 11, 2007 date of EEO contact that Defendant alleges. Plaintiff

alleges that his contact with the EEO office was within 45 days of discovering that the position he interviewed for was fulfilled.

The Court has reservations about the exact date that Plaintiff discovered that he was not selected for the promotion because the position was permanently given to an internal employee at Andrews Air Force Base who was temporarily serving in the position before his promotion became permanent. Viewing the facts in the light most favorable to the Plaintiff, the Court is not convinced that Plaintiff knew or had reason to know of the effective date of Mr. Wallmow's promotion, nor is it clear with whom Plaintiff made contact in December 2006.  Thus, the Court will give the Plaintiff the benefit of the doubt, and finds that he timely contacted EEO within 45 day of his non-selection.

### B. Plaintiff's Non-Selection as it Pertains to Age or Race

In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), the U.S. Supreme Court established the evidentiary framework governing discrimination claims under Title VII where there is no direct evidence of discrimination. Under the *McDonnell Douglas* analysis, Plaintiff has the initial burden of establishing, by a preponderance of the evidence, a *prima facie* case of discrimination. *Id.* at 802. To establish a *prima facie* case of discrimination in a non-selection case, Plaintiff must prove: (1) he was a member of a protected class or classes; (2) he applied and was qualified for the position for which he applied; (3) he was not selected despite her qualifications, and (4) Plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *McNairn v. Sullivan*, 929 F.2d 974, 977 (4th Cir. 1991). If the Plaintiff can establish a *prima facie* case of discrimination, the burden shifts to the Agency to articulate a legitimate, nondiscriminatory reason for the challenged action. *McDonnell Douglas,* 411 U.S. at 802; *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S.248, 253.

Under the *McDonnell Douglas* framework, once the Agency has articulated a legitimate, nondiscriminatory reason for its actions, the burden shifts back to the Plaintiff to show that the Agency's proffered reason was not the true reason for its actions and was only a pretext for unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 804; *Burdine,* 450 U.S. at 253. Plaintiff may meet this burden by establishing that the Agency's stated reasons were not the actual motivation for the actions taken or by showing that the Agency's explanations are unworthy of credence. *See McDonnell Douglas*, 411 U.S. at 804-05; *Burdine,* 450 U.S. at 253.

Defendant concedes that Plaintiff has met the first two elements of a prima facie case, but argues that Plaintiff is unable to establish that he was not selected for the WS-14 position under circumstances that give rise to an inference of unlawful discrimination, and, hence, cannot meet the third of a *prima facie* element of disparate treatment in a non-selection case.

With regard to the third element, Plaintiff claims that he was the most qualified candidate for the position because he had more work experience than the selectee. He asserts that his total work experience consisting of approximately thirty-three years is greater than that of the selectee. Plaintiff also asserts that he has more education and relevant training for the promotion. Plaintiff contends that the Defendant does not challenge his technical qualifications for the position at issue, but relies instead on his poor performance in the interview. Plaintiff further asserts how difficult it is for hardworking individuals to obtain a source of income because of the existence of discrimination.

The Court believes that the elements of a *prima facie* case of both race and age discrimination have been met by the Plaintiff. The first element has been met because Plaintiff was a 51 year old African-American at the time of the promotion. The second element has also been met because the facts show that Plaintiff was one of thirty-one applicants for the position,

was scheduled for an interview, was one of the top six selected for consideration of the job, and was also one of the top three candidates considered for the position. Further, the third element has been met because the facts support that the Plaintiff applied for the position at issue and was ranked by Major Miller as the top third qualified candidate. Despite his qualifications, Plaintiff did not receive the job offer. The Court also finds that the last element has been met because the individual who was promoted was a younger, white male at the age of 39 which would give rise to an inference of unlawful discrimination.

The analysis does not end with the Plaintiff's establishment of a *prima facie* case.  Again, once the Agency has articulated a legitimate, nondiscriminatory reason for its actions, the burden shifts back to the Plaintiff to show that the Agency's proffered reason was not the true reason for its actions and was only a pretext for unlawful discrimination. *Id.* Defendant mentions several non-discriminatory reasons for not selecting Plaintiff for the promotion that addresses Plaintiff's performance during the interview as well as his prior work experience in comparison to that of the selectee. Defendant asserts that in comparison to the other top two candidates, Plaintiff did not adequately articulate the safety requirements of the job and Mr. Wallmow presented a better answer in response to one of the interview questions regarding the safety requirements. In addition, Defendant contends that Mr. Wallmow had more supervisory experience than Plaintiff while Plaintiff lacked managerial experience. The Court finds that Defendant has met his burden.

In his Opposition, Plaintiff fails to address any of Defendant's non-discriminatory reasons for not selecting him for the promotion nor does he offer any evidence that extends beyond conclusory allegations to establish an inference that Defendant's non-discriminatory reasons are a pretext for unlawful discrimination. Rather, Plaintiff merely reasserts his argument that he had more experience than the selectee. Plaintiff's reliance on this argument does not call

into question the Defendant's decision to select another candidate for the position of General Maintenance and Operations Supervisor, nor does it raise any plausible inference of unlawful discrimination. Thus, the Court finds that the Plaintiff has not met his burden of establishing that the Defendant's stated reasons were not the actual motivation for not hiring him for the position or by showing that the Defendant's explanations are unworthy of credence.

**Plaintiff's Rule 56(f) Motion**

Plaintiff has moved for discovery pursuant to Rule 56(f). Primarily, Plaintiff requests discovery in order to establish the "true facts" relating to the timeliness of his EEO claim. (Paper 17 at 2.) The Court has already ruled in Plaintiff's favor on this issue, therefore discovery on this issue is unnecessary.

With respect to discovery on Plaintiff's substantive claim of discrimination, the Court also finds that discovery is unnecessary. The administrative record is voluminous comprising 494 pages, and thus the Court believes that all of the pertinent documents are already a part of the record before it. Therefore, the Court finds that discovery is not warranted because the administrative record sufficiently and exhaustively documents the basis for Defendant's decision not to promote Plaintiff to the position of General Maintenance and Operations Supervisor. *See Strag v. Board of Trustees, Craven Comm Coll.*, 55 F.3d 943, 954 (4th Cir. 1995)(stating that Rule 56(f) motion for additional discovery is properly denied when the additional evidence sought to be discovered would not create a genuine issue of material fact sufficient to defeat summary judgment.)

## CONCLUSION

In accordance with the *McDonnell Douglas* framework governing employment discrimination claims under Title VII, the Court finds that the Plaintiff has failed to sustain his

burden because, beyond conclusory allegations, he is unable to establish that the decision to promote Mr. Wallmow instead of him was rooted in any unlawful discriminatory motives. The Court also finds that permitting discovery on Plaintiff's claim is unnecessary because the administrative record filed by Defendant along with the instant motion is sufficient. A separate order will follow.

|  |  |
|---|---|
| __August 28, 2009__ | _____/s/_____ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |